MOLLY M. REZAC
Nevada Bar No. 7435
molly.rezac@ogletreedeakins.com
ERICA J. CHEE
Nevada Bar No. 12238
erica.chee@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
3800 Howard Hughes Parkway, Suite 1500
Las Vegas, NV 89169
Telephone:  702.369-6800
Fax:  702.369.6888

Robert F. Shaffer
robert.shaffer@finnegan.com
District of Columbia Bar No. 472423 (*Pro Hac Vice Pending - will comply with LR IA 10-2 within 14 days*)
James R. Barney
james.barney@finnegan.com
District of Columbia Bar No. 473732 (*Pro Hac Vice Pending - will comply with LR IA 10-2 within 14 days*)
Anthony D. Del Monaco
anthony.delmonaco@finnegan.com
District of Columbia Bar No. 978164 (*Pro Hac Vice Pending - will comply with LR IA 10-2 within 14 days*)
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
Telephone:  202.408.4000
Fax:  202.408.4400

*Attorneys for Plaintiffs CG Technology Development, LLC,*
*Interactive Games Limited, and Interactive Games LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC, INTERACTIVE GAMES LIMITED, and INTERACTIVE GAMES LLC, | Case No.: |
| Plaintiffs, | **PLAINTIFFS' COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | |
| DRAFTKINGS, INC., | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiffs CG Technology Development, LLC ("CG Tech"), Interactive Games Limited ("IG Limited"), and Interactive Games LLC ("IG LLC") (collectively "Plaintiffs"), by and through

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1  their counsel, hereby bring this Complaint against Defendant DraftKings, Inc. ("Defendant" or

2  "DraftKings"), and allege as follows:

## NATURE OF ACTION

3  

4  1.      This is an action for patent infringement under 35 U.S.C. § 271 *et seq.* by Plaintiffs

5  against Defendant for infringement of U.S. Patent Nos. RE39,818;  6,899,628;  9,111,417;

6  8,641,511; 8,342,924; 7,029,394; 6,884,166; and 7,534,169 (collectively the "Patents-in-Suit").

## PARTIES

7  

8  2.      CG Tech is a wholly owned subsidiary of CG Technology, L.P. ("CG"), a limited

9  partnership, with its principal place of business at 2575 South Highland Drive, Las Vegas, Nevada,

10  89109.   CG and CG Tech are both incorporated in Nevada.   CG is an innovative gaming

11  technology solutions provider for lottery, gaming, racing, and sports wagering worldwide.   It

12  specializes in providing secure, scalable, mobile technology and risk management solutions to

13  integrated resorts, gaming partners, race and sports books, and lottery industries.  Headquartered in

14  Las Vegas, Nevada, CG and CG Tech continue to expand into new global markets in response to

15  partner demand for their gaming and manufacturing expertise and superior technology solutions.

16  Their products include Android™- and Apple®-compatible applications for sports wagering and

17  real-money casino gaming, as well as state-of-the-art, account-based wagering systems.

18  3.      IG LLC is a limited liability company incorporated in Nevada with its principal

19  place of business at 110 East 59th St., New York, New York, 10022.

20  4.      IG Limited is a private limited company with its principal place of business at One

21  Churchill Place, Canary Wharf, London, UK E14 5RB.

22  5.      Upon information and belief, DraftKings is a corporation organized and existing

23  under the laws of the State of Delaware, with its principal place of business located at 225 Franklin

24  St., 26th Floor, Boston, Massachusetts, 02110.

## JURISDICTION AND VENUE

25  

26  6.      This is a civil action for patent infringement arising under the patent laws of the

27  United States, 35 U.S.C. § 271 *et seq.*

28  7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

8.  DraftKings is subject to personal jurisdiction in this District because, based on information and belief, Defendant has transacted business in this District and has committed, by itself or in concert with others, acts of patent infringement in this District.  On information and belief, Defendant has conducted business within the State of Nevada.  In addition, Defendant offered for sale, sells, advertises, and/or uses its products and services (including the products accused of infringement in this lawsuit) in the United States, the State of Nevada, and this District.  Further, Defendant purposefully and voluntarily placed one or more infringing products and services into the stream of commerce with the expectation that they will be used by consumers in the State of Nevada.  Defendant also advertises and has transacted business throughout the United States, including in the State of Nevada, and specifically in this District.  Defendant has purposely availed itself of the laws of this District by, among other things, advertising and selling its products and services in this District.

9.  Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Nevada Long Arm Statute, due at least to Defendant's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in the State of Nevada and in this District.

10.  On information and belief, Defendant has operated and continues to operate an interactive website (www.draftkings.com) and mobile application that are accessible to all residents of the State of Nevada, including in this District, through which Defendant advertises and makes available for use certain services and electronic daily fantasy sports contests that are herein accused of infringement. (*See* https://www.draftkings.com/lobby#/featured.)  On information and belief, Defendant has repeatedly held events promoting and utilizing its products and services accused of infringement in this District. (*See, e.g.*, https://www.youtube.com/watch?v=AMO9LeJBkjM, https://www.facebook.com/draftkings/posts/929970750356764, https://rotogrinders.com/pages/draftkings-2015-mlb-world-championship-776884, http://playbook.draftkings.com/mlb/draftkings-fantasy-baseball-championship-3m-guaranteed/, http://playbook.draftkings.com/nba/nhl-cbb-nba-world-championships-in-las-vegas/.)

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or 1400(b), as DraftKings is subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

12.     Plaintiffs own innovative technology that is being used by Defendant in its daily fantasy sports business.  Like traditional fantasy sports, players draft a team of real-world athletes who then score fantasy points according to set scoring rules.  Daily fantasy sports, however, offer contests that may last just one day, instead of being stuck with the same team (or drafted players) throughout a whole season.  Accordingly, daily fantasy sports are quicker, more numbers-driven, and provide more "action" for the daily fantasy sports entrants.  Before the advent of the Internet, the ability of hundreds of thousands of people participating in daily fantasy sports together in the same contest did not exist.

13.     On information and belief, and based on its own admissions, DraftKings is one of the largest on-line sites to offer daily fantasy sports contests.  (*See* http://cdcgamingreports.com/draftkings-ceo-compares-fantasy-sports-to-chess-stock-investing/.)  DraftKings provides access to its daily fantasy sports gaming platform through its web-based interface and/or mobile applications.  DraftKings determines whether its users are over the age of 18 (or 19 in certain jurisdictions) before authorizing the users (or contest entrants) to pay an entry fee for one of its contests.

14.     DraftKings offers various types of daily fantasy sports contests that authorize users to "pay to play."  Its gaming platform also allows users to create their own contests where users may specify the amount of money for entry into a contest and the contest parameters before DraftKings offers the contest to other users for acceptance.  In this and other ways, users are then matched in contests to compete against one another for the entry-fee dollar amounts according to each contest's payout rules (or against one another in a head-to-head contest).  DraftKings also monitors multiple games and game events on which play is based.  This platform generates statistics on game events, payments for various contests and users, and determines outcomes for each contest where the winners of each contest are awarded the winning dollar amounts according to each contest's payout rules.  After the contest is completed, each user's account is managed or

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

updated to reflect the appropriate transfer of funds based on a winning or losing entry. (*See, e.g.,* https://www.draftkings.com/help/faq.)

15.     On July 15, 2014, a letter was sent to Defendant notifying Defendant of its infringement of numerous patents.  Specifically, at least the following patents were identified as being infringed: U.S. Patent Nos. RE39,818;  6,899,628;  8,641,511;  8,342,924;  7,029,394; 6,884,166; and 7,534,169.[1]   As noted in the letter, Plaintiffs wanted to reach a negotiated nonlitigation arrangement with Defendant for the identified patents.   An agreement was never reached, and Defendant has not ceased infringing Plaintiffs' patents.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. RE39,818)

16.     Plaintiffs incorporate by reference paragraphs 1-15 as if fully set forth herein.

17.     On September 4, 2007, U.S. Patent No. RE39,818 ("the RE'818 patent") was duly and legally issued by the U.S. Patent and Trademark Office ("PTO") for an invention titled "Personalized Wireless Video Game System" to the listed inventor, Russell D. Slifer.  A certified copy of the RE'818 patent is attached as **Exhibit A.**

18.     CG Tech is the assignee and owner of the RE'818 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the RE'818 patent against infringers, and to collect damages for all relevant times.

19.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the RE'818 patent.   For instance, on information and belief, Defendant's accused products and/or systems have certain features that transmit both identification code and game control signals to a processor executing an interactive game.  Here, the identification code is used

---

[1] U.S. Patent No. 9,111,417 did not issue until August 18, 2015, and was therefore not in the notice letter.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1    by the processor to retrieve identification data and authorize game play based at least in part on an

2    age of a player.  This is done in a manner that infringes at least claims 1, 20, 24, and 25 of the

3    RE'818 patent.

4        20.      DraftKings' on-line fantasy sports contests contain each limitation of at least one

5    asserted claim of the RE'818 patent.  By way of example only:

6        21.      DraftKings' on-line fantasy sports contests meet all requirements of claim 20, which

7    include (as shown below) "[a] game apparatus comprising: a wireless transmitter to transmit both

8    an identification code and game control signals to a processor executing a game."  (RE'818 patent,

9    col. 7, ll. 25-28.)



20        22.      DraftKings' on-line fantasy sports contests include an "identification code . . . used

21    by the processor to retrieve identification data and authorize game play based at least in part on an

22    age of a player." (*Id.* at col. 7, ll. 28-30.)

23    . . .

24    . . .

25    . . .

26    . . .

27    . . .

28    . . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



23.     DraftKings' on-line fantasy sports contests include "a plurality of input controls to allow the player to interact with the processor to play the game." (*Id.* at col. 7, ll. 31-32.)



24.     Defendant does not have a license or permission to use the RE'818 patent.

25.     As a result of Defendant's infringement of the RE'818 patent, CG Tech has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

26.     In a letter dated July 15, 2014, notice was provided to Defendant of the RE'818 patent and Defendant's infringing conduct.

27.     Despite the knowledge of the RE'818 patent, Defendant has continued to infringe this patent.  Defendant acted with reckless disregard of the RE'818 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

**SECOND CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 6,899,628)**

28.     Plaintiffs incorporate by reference paragraphs 1-27 as if fully set forth herein.

29.     On May 31, 2005, U.S. Patent No. 6,899,628 ("the '628 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Game Event Management to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '628 patent is attached as **Exhibit B**.

30.     IG Limited is the assignee and sole owner of the '628 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '628 patent against infringers, and to collect damages for all relevant times.

31.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '628 patent.  For instance, on information and belief, Defendant's accused products and/or systems have certain features that manage game events through a gaming application accessible to remote users.  Here, the gaming application monitors a plurality of game events, communicates event information associated with at least one game event, and generates a pay record based on the event information, where the pay record is associated with an entry fee between a plurality of users.  This is done in a manner that infringes at least claim 31 of the '628 patent.

32.     DraftKings' on-line fantasy sports contests contain each limitation of at least claim 31 of the '628 patent.  By way of example only:

33.     DraftKings' on-line fantasy sports contests meet all requirements of claim 31, which include (as shown below) "[a] server for managing game events, comprising: a processor that

8

executes a gaming application that is accessed by a remote user via a network." ('628 patent, col. 23, ll. 62-64.)



34.     DraftKings' on-line fantasy sports contests include "a monitor module coupled to the processor that monitors a plurality of game events during the execution of the gaming application by the user." (*Id.* at col. 23, ll. 65-67.)



35.     DraftKings' on-line fantasy sports contests include "an interface coupled to the processor that communicates event information associated with at least one of the game events to an enhanced services platform remote from the server." (*Id.* at col. 24, ll. 1-4.)



36.     DraftKings' on-line fantasy sports contests include "generat[ing] a wager record associated with a wager between a plurality of users based on at least one of the first event information and the second event information." (*Id.* at col. 24, ll. 4-7.)

37.     Defendant does not have a license or permission to use the '628 patent.

38.     As a result of Defendant's infringement of the '628 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

39.     In a letter dated July 15, 2014, notice was provided to Defendant of the '628 patent and Defendant's infringing conduct.

40.     Despite the knowledge of the '628 patent, Defendant has continued to infringe this patent.  Defendant acted with reckless disregard of the '628 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

**THIRD CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 9,111,417)**

41.     Plaintiffs incorporate by reference paragraphs 1-40 as if fully set forth herein.

42.     On August 18, 2015, U.S. Patent No. 9,111,417 ("the '417 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '417 patent is attached as **Exhibit C**.

43.     IG Limited is the assignee and sole owner of the '417 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '417 patent against infringers, and to collect damages for all relevant times.

44.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '417 patent.  For instance, on information and belief, Defendant's accused products and/or systems have certain features that provide a sports game to users through its respective computing devices over a communications network.  On information and belief, Defendant's accused products and/or systems present users with a graphical user interface that allows users to generate an entry fee where an offer includes a payment amount, an option to present the entry fee offer to other users, and receive from a plurality of other users an acceptance of the entry fee.  In addition, during the playing of the game, Defendant's accused products and/or systems offer certain features that generate statistics for multiple users of the game, including presenting a portion of the statistics information for the users.  At the end of the game, an outcome is determined and funds are transferred to at least one user who played (and "won") the game.  This is done in a manner that infringes at least claim 1 of the '417 patent.

45.     DraftKings' on-line fantasy sports contests contain each limitation of at least claim 1 of the '417 patent.  By way of example only:

46.     DraftKings' on-line fantasy sports contests meet all requirements of claim 1, which

11

include (as shown below) "[a] system comprising at least one processor and at least one non-volatile memory having software stored thereon that when executed by the at least one processor directs the at least one processor to: provide a game via a communications network to users via respective computing devices of the users, wherein the game is a sports game, an arcade game, a card game, or an adventure game." ('417 patent, col. 20, ll. 20-27.)



47.    DraftKings' on-line fantasy sports contests include, "responsive to a request from one of the users, caus[ing] a graphical user interface to be presented to the user at the user's computing device, wherein the graphical user interface allows the user to offer a wager to other users." (*Id.* at col. 20, ll. 28-31.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1        48.     DraftKings' on-line fantasy sports contests include, "responsive to presenting the

2   graphical user interface to the user, receiv[ing] from that user a request to generate a wager offer,

3   wherein the wager offer includes a wager amount." (*Id.* at col. 20, ll. 32-34.)



4
5
6
7
8
9
10
11
12

13        49.     DraftKings' on-line fantasy sports contests include, "responsive to receiving the

14   request to generate the wager offer, present[ing] the wager offer to other users via respective

15   computing devices of the other users." (*Id.* at col. 20, ll. 35-37.)



16
17
18
19
20

21        50.     DraftKings' on-line fantasy sports contests include "receiv[ing] from a plurality of

22   the other users an acceptance of the wager offer, each acceptance at the wager amount." (*Id.* at

23   col. 20, ll. 38-39.)

24   . . .

25   . . .

26   . . .

27   . . .

28   . . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



51.     DraftKings' on-line fantasy sports contests include, "during a playing of the game by a plurality of the users: generat[ing] statistics information related to at least a first and a second of the users playing the game." (*Id.* at col. 20, ll. 40-42.)

52.     DraftKings' on-line fantasy sports contests include, "at end of the game, determin[ing] an outcome of the wagers resulting from the users that accepted the wager offer, wherein . . . determin[ing] the outcome of the wagers includes . . . transfer[ring] funds to at least one user who played the game." (*Id.* at col. 20, ll. 49-53.)

. . .

. . .

53.     Defendant does not have a license or permission to use the '417 patent.

54.     As a result of Defendant's infringement of the '417 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

**FOURTH CLAIM FOR RELIEF**
**(INFRINGEMENT OF U.S. PATENT NO. 8,641,511)**

55.     Plaintiffs incorporate by reference paragraphs 1-54 as if fully set forth herein.

56.     On February 4, 2014, U.S. Patent No. 8,641,511 ("the '511 patent") was duly and legally issued by the PTO for an invention titled "Real-Time Interactive Wagering on Event Outcomes" to the listed inventors Philip M. Ginsberg, Howard W. Lutnick, Andrew C. Gilbert, and Lewis Findlay.  A certified copy of the '511 patent is attached as **Exhibit D**.

57.     IG LLC is the assignee and sole owner of the '511 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '511 patent against infringers, and to collect damages for all relevant times.

58.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '511 patent.  For instance, on information and belief, Defendant's accused products

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1   and/or systems have certain features that open a gaming account for a user and establish an amount

2   of funds in the gaming account that may be used to play games.  The system allows the user to

3   access the gaming account from a computing device after verifying login credentials.  The system

4   displays a set of events on which games are based and receives requests from users to enter into a

5   game based on at least one event.  Here, the system matches requests from users to enter into

6   opposite sides of a game, thereby forming an obligation to pay the users for winning the game.

7   The infringing system also manages the account funds based on placement of entry fees by the

8   users as well as the final outcomes of any of the games.  This is done in a manner that infringes at

9   least claim 16 of the '511 patent.

10       59.   DraftKings' on-line fantasy sports contests contain each limitation of at least claim

11   16 of the '511 patent.  By way of example only:

12       60.   DraftKings' on-line fantasy sports contests meet all requirements of claim 16, which

13   include (as shown below) "[a] method comprising: opening, by a computer system, a gaming

14   account for a client; [and] establishing, by the computer system, an amount of consideration in the

15   gaming account of the client, in which the money may be used to play games."  ('511 patent,

16   col. 13, ll. 17-22.)



27       61.   DraftKings' on-line fantasy sports contests include "authorizing, by the computer

28   system, the client to access the gaming account from a computing device by verifying login

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
WELLS FARGO TOWER
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1    credentials of the client received from the computing device." (*Id.* at col. 13, ll. 24-27.)



7    62.    DraftKings' on-line fantasy sports contests include "receiving, by the computer

8    system, a first request from the client to enter into a game based on at least one event; receiving, by

9    the computer system, a second request from another client to enter into an opposite side of the

10   game based on the at least one event; [and] matching, by the computer system, the first request and

11   the second request in response to receiving the first offer and the second offer into the game, in

12   which the game includes a game between the client and the other client." (*Id.* at col. 13, l. 33 to

13   col. 14, l. 2.)



27   63.    DraftKings' on-line fantasy sports contests include "forming, by the computer

28   system, one obligation with a gaming operator to pay the first client for winning the game with the

17

client and forming one other obligation with the gaming operator to pay the second client for winning the game with the other client." (*Id.* at col. 14, ll. 3-7.)



64.    DraftKings' on-line fantasy sports contests include "managing, by the computer system, the amount of consideration in the wagering account credits based on placement of the one or more wagers and outcomes of the one or more wagers." (*Id.* at col. 14, ll. 8-11.)

65.    Defendant does not have a license or permission to use the '511 patent.

66.    As a result of Defendant's infringement of the '511 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

67.    In a letter dated July 15, 2014, notice was provided to Defendant of the '511 patent and Defendant's infringing conduct.

68.    Despite the knowledge of the '511 patent, Defendant has continued to infringe this patent.  Defendant acted with reckless disregard of the '511 patent by continuing to infringe the

18

1   patent when it knew or should have known that its actions constituted infringement.

2         69.    Defendant has indirectly infringed the '511 patent, both via contributory and

3   induced infringement.  The direct infringement underlying Defendant's indirect infringement of the

4   '511 patent consists of its end-user customers' use of its daily fantasy sports technology.

5         70.    Defendant has induced and is continuing to induce its end-user customers to use the

6   accused systems, and specifically to use them in a manner that it knows infringes the '511 patent.

7   Defendant has done so by (1) providing detailed instructions to its customers explaining how to use

8   the daily fantasy sports features (*see, e.g.,* https://www.draftkings.com/how-to-play,

9   https://www.youtube.com/watch?v=W_0rEGbJVbE, https://www.draftkings.com/help/faq); and

10  (2) touting and advertising these features to its customers (*see, e.g.,*

11  https://www.youtube.com/watch?v=_NvLJJqbGs8, https://www.youtube.com/watch?v=yHoPa9_KzU0).

12        71.    Defendant has contributed to and is continuing to contribute to the infringement

13  (either directly or under the doctrine of equivalents) of the '511 patent by end-user customers by

14  making and selling its daily fantasy sports product, which is especially made for use by end-user

15  customers in a manner that infringes the '511 patent and has no substantial noninfringing uses.  In

16  particular, the feature permits end-user customers to open a gaming account that includes

17  depositing funds that may be used to play games while also allowing the end-user customers to

18  access the gaming account from a computing device.  In turn, Defendant's products and/or systems

19  display a set of events on which games are based, and then match requests from users to enter into

20  a game on opposite sides that form an obligation to pay the end-user customers for winning the

21  game, and manage the account funds based on placement of entry fees by the end-user customers

22  and the outcomes of the games.  This feature is expressly defined by the Defendant in the user's

23  instruction, and has no practical use other than a use that infringes the '511 patent.  The use of this

24  feature by end-user customers of Defendant for its intended purpose necessarily results in

25  infringement of at least claim 16 of the '511 patent.

26        72.    Defendant had knowledge of the '511 patent since receiving notice on or about July

27  15, 2014.

28        73.    Defendant therefore has induced and contributed to acts of direct infringement, and

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1  is continuing to do so, with the specific intent and knowledge that others would infringe at least

2  one claim of the '511 patent.

### FIFTH CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 8,342,924)

74.     Plaintiffs incorporate by reference paragraphs 1-73 as if fully set forth herein.

75.     On January 1, 2013, U.S. Patent No. 8,342,924 ("the '924 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Providing Enhanced Services to a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '924 patent is attached as **Exhibit E**.

76.     IG Limited is the assignee and sole owner of the '924 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '924 patent against infringers, and to collect damages for all relevant times.

77.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '924 patent.  For example, on information and belief, Defendant's accused products and/or systems have certain features that receive information during the playing of a game (the information associated with at least one event initiated by a user), and generate statistics based at least in part on the information, where the statistics are electronically displayed to another user. This is done in a manner that infringes at least claim 11 of the '924 patent.

78.     DraftKings' on-line fantasy sports contests contain each limitation of at least claim 11 of the '924 patent.  By way of example only:

79.     DraftKings' on-line fantasy sports contests meet all requirements of claim 11, which include (as shown below) "[a]n apparatus comprising: at least one processor; and at least one memory device electronically coupled to the at least one processor, wherein the at least one memory device stores instructions which, when executed by the at least one processor, direct the at

1   least one processor to: receive information associated with at least one event initiated by a user
2   within a context of playing a game, wherein the information is received during the playing of the
3   game by the user." ('924 patent, col. 21, ll. 4-13.)



80.   DraftKings' on-line fantasy sports contests include, "based at least in part on the information, generat[ing] statistics information, wherein the statistics information is associated with the user with respect to the playing of the game; and caus[ing] to be electronically displayed to another user at least the statistics information." (*Id.* at col. 21, ll. 14-19.)

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

81.    Defendant does not have a license or permission to use the '924 patent.

82.    As a result of Defendant's infringement of the '924 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

83.    In a letter dated July 15, 2014, notice was provided to Defendant of the '924 patent and Defendant's infringing conduct.

84.    Despite the knowledge of the '924 patent, Defendant has continued to infringe this patent.  Defendant acted with reckless disregard of the '924 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## SIXTH CLAIM FOR RELIEF
## (INFRINGEMENT OF U.S. PATENT NO. 7,029,394)

85.    Plaintiffs incorporate by reference paragraphs 1-84 as if fully set forth herein.

86.    On April 18, 2006, U.S. Patent No. 7,029,394 ("the '394 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Generating Statistics for a User of a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal.  A certified copy of the '394 patent is attached as **Exhibit F**.

87.     IG Limited is the assignee and sole owner of the '394 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '394 patent against infringers, and to collect damages for all relevant times.

88.     Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '394 patent.  Specifically, Defendant's accused products and/or systems have certain features that execute a gaming application; monitor a plurality of game events; communicate first and second event information associated with a first and second game event; generate statistics based at least in part on the first event information, the second event information, and entry-fee records; and determine an outcome using the statistics.  This is done in a manner that infringes at least claim 1 of the '394 patent.

89.     DraftKings' on-line fantasy sports contests contain each limitation of at least claim 1 of the '394 patent.  By way of example only:

90.     DraftKings' on-line fantasy sports contests meet all requirements of claim 1, which include (as shown below) "[a] system for generating statistics information, comprising: a server that: executes a gaming application." ('394 patent, col. 20, ll. 46-49.)



91.    DraftKings' on-line fantasy sports contests include "monitor[ing] a plurality of game events during the execution of the gaming application by a user; communicat[ing] first event information associated with a first game event; and communicat[ing] second event information associated with a second game event." (*Id.* at col. 20, ll. 50-55.)



92.    DraftKings' on-line fantasy sports contests include "a processor remotely coupled to the server that receives the first event information; receives the second event information; [and] generates statistics information based at least in part upon the first event information, the second event information and wager records associated with the gaming application." (*Id.* at col. 20, ll. 56-62.)



OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

93.    DraftKings' on-line fantasy sports contests includes "determin[ing] an outcome of a wager associated with the gaming application using the statistics information; and a memory coupled to the processor that stores the statistics information." (*Id.* at col. 20, ll. 63-67.)



94.    Defendant does not have a license or permission to use the '394 patent.

95.    As a result of Defendant's infringement of the '394 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

96.    In a letter dated July 15, 2014, notice was provided to Defendant of the '394 patent and Defendant's infringing conduct.

97.    Despite the knowledge of the '394 patent, Defendant has continued to infringe this patent. Defendant acted with reckless disregard of the '394 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## SEVENTH CLAIM FOR RELIEF
## (INFRINGEMENT OF U.S. PATENT NO. 6,884,166)

98.    Plaintiffs incorporate by reference paragraphs 1-97 as if fully set forth herein.

99.    On April 26, 2005, U.S. Patent No. 6,884,166 ("the '166 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Establishing a Wager for a Gaming Application" to the listed inventors Fergus A. Leen, Sam B. Lawrence, David G. McNally, Clive Hetherington, David M. McDowell, and Kevin R. O'Neal. A certified copy of the '166 patent is attached as **Exhibit G**.

100.    IG Limited is the assignee and sole owner of the '166 patent, with all substantive

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1    rights in and to that patent, including the sole and exclusive right to bring this action and enforce

2    the '166 patent against infringers, and to collect damages for all relevant times.

3        101.    Defendant, directly or through its agents, customers, and/or intermediaries, has

4    made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products

5    and/or systems that infringe (either directly or under the doctrine of equivalents) one or more

6    claims of the '166 patent.  For example, on information and belief, Defendant's accused products

7    and/or systems have certain features that host a gaming application for users, allow a first user to

8    generate an offer, present the offer to a number of second users, and receive an acceptance by a

9    second user to form a game between the first and second user.  Defendant's accused products

10   and/or systems also have certain features that further generate a record that is stored according to a

11   record identifier where the record includes game parameters.  This is done in a manner that

12   infringes at least claim 39 of the '166 patent.

13       102.    DraftKings' on-line fantasy sports contests contain each limitation of at least

14   claim 39 of the '166 patent.  By way of example only:

15       103.    DraftKings' on-line fantasy sports contests meet all requirements of claim 39, which

16   include (as shown below) "[a] system for establishing a wager associated with a gaming

17   application, comprising: a server that hosts a gaming application for a plurality of users; [and] a

18   processor remotely coupled to the server." ('166 patent, col. 23, ll. 55-59.)



28       104.    DraftKings' on-line fantasy sports contests include "receiv[ing] a wager offer

generated by a first user, wherein the wager offer is associated with the gaming application." (*Id.* at col. 23, ll. 60-62.)



105.    DraftKings' on-line fantasy sports contests include "present[ing] the wager offer to a plurality of second users; [and] receiv[ing] a wager acceptance by a second user, the wager offer and the wager acceptance combining to form a wager between the first user and the second user." (*Id.* at col. 23, ll. 63-67.)



106.    DraftKings' on-line fantasy sports contests include "generat[ing] a wager record in response to receiving the wager acceptance, the wager record associated with the wager between the first user and the second user and comprising a plurality of wager parameters." (*Id.* at col. 24, ll. 1-4.)



107.    Defendant does not have a license or permission to use the '166 patent.

108.    As a result of Defendant's infringement of the '166 patent, IG Limited has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

109.    In a letter dated July 15, 2014, notice was provided to Defendant of the '166 patent and Defendant's infringing conduct.

110.    Despite the knowledge of the '166 patent, Defendant has continued to infringe this patent.  Defendant acted with reckless disregard of the '166 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

### EIGHTH CLAIM FOR RELIEF
### (INFRINGEMENT OF U.S. PATENT NO. 7,534,169)

111.    Plaintiffs incorporate by reference paragraphs 1-110 as if fully set forth herein.

112.    On May 19, 2009, U.S. Patent No. 7,534,169 ("the '169 patent") was duly and legally issued by the PTO for an invention titled "System and Method for Wireless Gaming System with User Profiles" to the listed inventors Lee M. Amaitis, Joseph M. Asher, Robert F. Bahrampour, Darrin M. Mylet, Alan B. Wilkins, and Howard W. Lutnick.  A certified copy of the '169 patent is attached as **Exhibit H**.

113.    IG LLC is the assignee and sole owner of the '169 patent, with all substantive rights in and to that patent, including the sole and exclusive right to bring this action and enforce the '169 patent against infringers, and to collect damages for all relevant times.

114.    Defendant, directly or through its agents, customers, and/or intermediaries, has made, used, tested, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems that infringe (either directly or under the doctrine of equivalents) one or more claims of the '169 patent.  For instance, on information and belief, Defendant's accused products and/or systems have certain features that modify a gaming environment based on a user's success level in playing a gaming activity.  A gaming device enables the user to play a plurality of gaming activities, and a user profile associated with the user is updated to reflect a first success level in playing a first gaming activity during a first gaming session.  After termination of the first gaming

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1    session and the start of a second, subsequent, gaming session, the user's success level in playing

2    the first gaming activity is determined.  Based at least in part on the first success level, a gaming

3    environment is modified and presented to the user through the gaming device.  The modification

4    includes a change in how the first gaming activity is presented to the user as a possible gaming

5    activity during the second gaming session.  This is done in a manner that infringes at least claim 1

6    of the '169 patent.

7        115.    DraftKings' on-line fantasy sports contests contain each limitation of at least claim

8    1 of the '169 patent.  By way of example only:

9        116.    DraftKings' on-line fantasy sports contests meet all requirements of claim 1, which

10   include (as shown below) "[a]n apparatus comprising: . . . at least one profile associated with a user

11   of a gaming device, the gaming device being operable to make a plurality of gaming activities

12   available to the user for play via the gaming device."  ('169 patent, col. 26, ll. 43-52.)



22       117.    DraftKings' on-line fantasy sports contests include "updat[ing] the user's profile to

23   reflect a first success level of the user in playing a first of the plurality of gaming activities via the

24   gaming device during a first gaming session."  (*Id.* at col. 26, ll. 56-59.)

25   . . .

26   . . .

27   . . .

28   . . .

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800



118.    DraftKings' on-line fantasy sports contests include, "based at least in part on the first success level, modify[ing] a gaming environment, wherein the modification includes a change as to how the first gaming activity is presented to the user as a possible gaming activity that the user may play via the gaming device during the second gaming session." (*Id.* at col. 26, l. 66 to col. 27, l. 4.)

119.    DraftKings' on-line fantasy sports contests includes "present[ing] to the user, via the gaming device, the first gaming activity according to the modified gaming environment." (*Id.* at col. 27, ll. 5-7.)

. . .

. . .

. . .

120.   Defendant does not have a license or permission to use the '169 patent.

121.   As a result of Defendant's infringement of the '169 patent, IG LLC has suffered and continues to suffer damages, in an amount not yet determined, of at least a reasonable royalty and/or lost profits.

122.   In a letter dated July 15, 2014, notice was provided to Defendant of the '169 patent and Defendant's infringing conduct.

123.   Despite the knowledge of the '169 patent, Defendant has continued to infringe this patent. Defendant acted with reckless disregard of the '169 patent by continuing to infringe the patent when it knew or should have known that its actions constituted infringement.

## NINTH CLAIM FOR RELIEF
## (WILLFUL INFRINGEMENT)

124.   Plaintiffs incorporate by reference paragraphs 1-123 as if fully set forth herein.

125.   Defendant's infringement of the RE'818, '628, '417, '511, '924, '394, '166, and '169 patents has been and continues to be willful. Indeed, DraftKings has been aware of at least the RE'818, '628, '511, '924, '394, '166, and '169 patents since receiving notice on or about July 15, 2014. DraftKings was also made aware of the '417 patent as early as the filing of this lawsuit.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1    DraftKings' continued use of its infringing products constitutes willful and blatant infringement.

2         126.    For the same reasons set forth above in paragraphs 15, 26, 39, 67, 72, 83, 96, 109,

3    and 122, Defendant has had knowledge of the RE'818, '628, '417, '511, '924, '394, '166, and '169

4    patents, and that its acts constitute infringement.  Defendant has acted and is continuing to act in

5    the face of an objectively high likelihood that its actions constitute infringement of a valid patent or

6    with reckless disregard of that likelihood.

7    **JURY DEMAND**

8         127.    Plaintiffs request a trial by jury on all issues so triable by right.

9    **PRAYER FOR RELIEF**

10        Wherefore, Plaintiffs respectfully request that the Court find in their favor and against

11   Defendant, and that the Court grant Plaintiffs the following relief:

12        1.    A declaration that DraftKings infringes the Patents-in-Suit under 35 U.S.C.

13   § 271(a), (b), and/or (c), and a final judgment incorporating same;

14        2.    Equitable relief under 35 U.S.C. § 283, including but not limited to an injunction

15   that enjoins DraftKings and any of its officers, agents, employees, assigns, representatives, privies,

16   successors, and those acting in concert or participation with them from infringing, contributing to,

17   and/or inducing infringement of the Patents-in-Suit;

18        3.    An award of damages sufficient to compensate Plaintiffs for infringement of the

19   Patents-in-Suit by DraftKings, together with prejudgment and postjudgment interest under 35

20   U.S.C. § 284;

21        4.    Entry of an order compelling DraftKings to compensate Plaintiffs for any ongoing

22   and/or future infringement of the Patents-in-Suit, in an amount and under terms appropriate under

23   the circumstances;

24        5.    That this Court declare this an exceptional case and award Plaintiffs their reasonable

25   attorneys' fees, costs, and expenses in accordance with 35 U.S.C. § 285;

26        6.    A declaration or order finding DraftKings' infringement is willful and/or an order

27   increasing damages under 35 U.S.C. § 284; and

28        7.    That Plaintiffs be granted such other and further relief as the Court may deem just

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

1   and proper under the circumstances.

2        DATED this 7th day of April, 2016.

3                                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

4

5                                /s/ Molly M. Rezac
6                                Molly M. Rezac
                                 Nevada Bar No. 7435
7                                Erica J. Chee
                                 Nevada Bar No. 12238
8                                Wells Fargo Tower
                                 Suite 1500
9                                3800 Howard Hughes Parkway
10                               Las Vegas, NV  89169

11                               FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

12                               Robert F. Shaffer (*Pro Hac Vice Pending*)
                                 James R. Barney (*Pro Hac Vice Pending*)
13                               Anthony D. Del Monaco (*Pro Hac Vice Pending*)
                                 901 New York Avenue, NW
14                               Washington, DC 20001-4413
15
                                 *Attorneys for Plaintiffs CG Technology Development, LLC,*
16                               *Interactive Games Limited, and Interactive Games LLC*

17

18

19
                                                          24210638.1
20

21

22

23

24

25

26

27

28