**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CG TECHNOLOGY DEVELOPMENT, LLC et al., <br><br> Plaintiffs, <br><br> vs. <br><br> DRAFTKINGS, INC., <br><br> Defendant. | 2:16-cv-00781-RCJ-VCF <br><br> **ORDER** |

This case arises out of the alleged infringement of several patents relating to automated gambling. Defendant has filed a motion to dismiss.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs CG Technology Development, Inc. ("CG Tech"), Interactive Games Limited ("IG Ltd."), and Interactive Games LLC ("IG LLC") accuse Defendant DraftKings, Inc. of infringing at least the following claims of the listed patents ("the Patents") through the use of its online fantasy sports contests ("the Accused Games"): (1) Claim 20 of U.S. Patent No. RE39,818; (2) Claim 31 of U.S. Patent No. 6,899,628; (3) Claim 1 of U.S. Patent No. 9,111,417; (4) Claim 16 of U.S. Patent No. 8,641,511; (5) Claim 11 of U.S. Patent No. 8,342,924; (6) Claim 1 of U.S. Patent No. 7,029,394; (7) Claim 39 of U.S. Patent No. 6,884,166; (8) Claim 1 of U.S. Patent No. 7,534,169; (9) Claim 9 of U.S. Patent No. 9,355,518; and (10) Claim 1 of U.S. Patent No. 9,306,952. CG Tech owns the '818 Patent for a wireless controller (Cause of Action 1); IG

Ltd. owns the '628, '417, '924, '394, and '166 Patents for enhanced services for gaming applications (Causes of Action 2, 3, 5, 6, and 7), and IG LLC owns the '511, '169, '518, and '952 Patents for location-based game configurations (Causes of Action 4, 8, 9, and 10). Defendant has asked the Court to dismiss all claims for unpatentability under 35 U.S.C. § 101 and the first claim against the '818 Patent for failure to state a claim.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556)

("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a cause of action), but *Twombly* and *Iqbal* require a plaintiff also to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

///

**III.   ANALYSIS**

    **A.   Unpatentability**

The Court has already ruled in related cases that the relevant claims of the '924, '628, '394, '417, and '169 Patents are invalid under 35 U.S.C. § 101, (*see* Order, ECF No. 36 in Case No. 2:16-cv-857), but that the relevant claims of the '818, '518, and '952 Patents are not, (*see id.*; Order, ECF No. 42 in Case No. 2:16-cv-871). The Court rules the same here for the reasons given in those cases. The Court has yet to address the '511 and '166 Patents under § 101 and does so here.

Movants argue that the '511 and '166 Patents are patent-ineligible under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). An inventor may obtain a patent on "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. However, the Supreme Court "ha[s] long held that this provision contains an important implicit exception: Laws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp.*, 134 S. Ct. at 2354 (quoting *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013)). The driving concern behind this exclusionary principle is one of pre-emption—"'that patent law not inhibit further discovery by improperly tying up the future use of' these building blocks of human ingenuity." *Id.* (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1301 (2012)). Notably, though, "an invention is not rendered ineligible for patent simply because it involves an abstract concept," *id.* (citing *Diamond v. Diehr*, 450 U.S. 175, 187 (1981)); "[a]pplications of such concepts to a new and useful end . . . remain eligible for patent protection," *id.* (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)) (internal quotation marks and alterations omitted). In other words, "in applying the § 101 exception, [courts] must distinguish between patents that claim the buildin[g] block[s] of human ingenuity and those that integrate the building blocks into

something more, thereby transform[ing] them into a patent-eligible invention." *Id.* (quoting *Mayo Collaborative Servs.*, 132 S. Ct. at 1294, 1303) (internal quotation marks omitted; second through fourth alterations in original).

The Supreme Court has adopted a two-step test for "distinguishing patents that claim laws of nature, natural phenomena, and abstract ideas from those that claim patent-eligible applications of those concepts." *Id.* at 2355. First, a court determines whether the claim is "directed to one of those patent-ineligible concepts." *Id.* If not, the analysis ends. If so, however, a court must consider the elements of each claim "both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.* (quoting *Mayo Collaborative Servs.*, 132 S. Ct. at 1298). Step two is "a search for an '"inventive concept"'—i.e., an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Id.* (quoting *Mayo Collaborative Servs.*, 132 S. Ct. at 1294). Such a transformation requires "more than simply stat[ing] the [abstract idea] while adding the words 'apply it.'" *Id.* (quoting *Mayo Collaborative Servs.*, 132 S. Ct. at 1294) (alterations in original).

A district court may determine whether a patent is eligible under § 101 at the dismissal stage. *See generally Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343 (Fed. Cir. 2015) (affirming such a dismissal).

**1.    The '511 Patent**

Defendant argues Claim 16 is representative of the '511 Patent and that it is invalid under *Alice Corp.* More importantly, Claim 16 is the only claim Plaintiffs have accused Defendant of infringing via factual allegations. (*See* Am. Compl. ¶¶ 60–64, ECF No. 29). Claim 16 of the '511 Patent reads in full:

>A method comprising:
>
>opening, by a computer system, a gaming account for a client;
>
>establishing, by the computer system, an amount of consideration in the gaming account of the client, in which the money may be used to play games;
>
>after opening the gaming account and establishing the amount of consideration, authorizing, by the computer system, the client to access the gaming account from a computing device by verifying login credentials of the client received from the computing device;
>
>determining, by the computer system, a set of events on which the games are based;
>
>presenting, by the computer system, to the client through the computing device, a display indicating at least some of the set of event;
>
>receiving, by the computer system, a first request from the client to enter into a game based on at least one event;
>
>receiving, by the computer system, a second request from another client to enter into an opposite side of the game based on the at least one event;
>
>matching, by the computer system, the first request and the second request in response to receiving the first offer and the second offer into the game, in which the game includes a game between the client and the other client;
>
>forming, by the computer system, one obligation with a gaming operator to pay the first client for winning the game with the client and forming one other obligation with the gaming operator to pay the second client for winning the game with the other client; and
>
>managing, by the computer system, the amount of consideration in the wagering account credits based on placement of the one or more wagers and outcomes of the one or more wagers.

U.S. Patent No. 8,641,511 col. 13, l. 17–col. 14, l. 37.  It is a method claim containing ten steps. *See id.*

The Court of Appeals has held that collecting, recognizing, and storing data is an abstract idea. *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1347 (Fed. Cir. 2014).  The steps of Claim 16—keeping track of players' accounts and making adjustments thereto based on the results of games between the players—are abstract ideas that

can be conducted in the mind of a sufficiently intelligent person.  Claim 16 simply instructs the practitioner to perform the method using generic computing devices.  The only potentially concrete, non-abstract aspect of the process is the requirement that the players access the "computer system" via "computing device[s]."  But even this aspect of the invention does not involve any machine function apart from the generic computing capabilities of the computers involved.  There is no requirement, for example, that the players' "computing device[s]" even be separate from the "computer system" in any meaningful way.  The "computing device" is not described in the specifications, and the claim would therefore appear to cover not only remote "computing device[s]," but also devices plugged locally into the "computer system," such as a keyboard, mouse, or joystick.  Or the "computing device" and "computer system" could respectively be a computer terminal that communicates with a centralized computer or server via cables.

In summary, the computers in Claim 16 are applied purely in their capacities as generic computing devices, i.e., as substitutes for a human mind to perform abstract manipulations of information.  The Court therefore grants the motion to dismiss Claim 16 of the '511 Patent under § 101.

**2.      The '166 Patent**

Defendant argues Claim 39 is representative of the '166 Patent and that it is invalid under *Alice Corp.*   More importantly, Claim 39 is the only claim Plaintiffs have accused Defendant of infringing via factual allegations. (*See* Am. Compl. ¶¶ 98–101).  Claim 39 of the '166 Patent reads in full:

> A system for establishing a wager associated with a gaming application, comprising:
>
> a server that hosts a gaming application for a plurality of users;
>
> a processor remotely coupled to the server that:

> receives a wager offer generated by a first user, wherein the wager offer is associated with the gaming application;
>
> presents the wager offer to a plurality of second users;
>
> receives a wager acceptance by a second user, the wager offer and the wager acceptance combining to form a wager between the first user and the second user; and
>
> generates a wager record in response to receiving the wager acceptance, the wager record associated with the wager between the first user and the second user and comprising a plurality of wager parameters; and
>
> a memory coupled to the processor that stores the wager record according to a wager record identifier.

U.S. Patent No. 8,884,166 col. 23, l. 55–col. 24, l. 6.  The claim contains three elements, the second of which contains four sub-elements. *See id.*  The three elements are a server, a processor, and a memory. *See id.*  The four sub-elements of the processor involve receiving a wager from a player, presenting it to other players, receiving an acceptance of the wager from a second player, and recording the parameters of the accepted wager.  Claim 39 is a textbook example of a computer utilized for its generic computing abilities to perform abstract calculations that could be performed in the mind of a sufficiently intelligence person.  The Court therefore grants the motion to dismiss Claim 39 of the '166 Patent under § 101.

        B.     **Failure to State a Claim**

Defendant attacks the claim for infringement of the '818 Patent under *Iqbal* and *Twombly*.  A defendant is liable for direct patent infringement if he "without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor . . . ." 35 U.S.C. § 271(a).  "Under the 'all elements' rule, to find infringement, the accused device must contain 'each limitation of the claim, either literally or by an equivalent.'" *TIP Sys., LLC v. Phillips &*

*Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1379 (Fed. Cir. 2008) (quoting *Freedman Seating Co. v. Am. Seating Co.*, 420 F.3d 1350, 1358 (Fed. Cir. 2005) (citing *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997))).

The Court rejects Plaintiffs' argument that the requirement of providing infringement contentions element-by-element under the Local Rules permits a more flexible application of Civil Rule 8(a) at the dismissal stage. *Iqbal* and *Twombly* unquestionably apply to claims of infringement not contemplated by former Form 18. *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig. (R+L Carriers, Inc. v. DriverTech LLC )*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)) (noting that only claims of direct infringement, not claims of indirect infringement, could be pled using Form 18). Although Form 18 formerly applied to claims of direct infringement, obviating the *Twombly*/*Iqbal* pleading standard for such claims, both Form 18 and Rule 84 (authorizing the forms) were deleted from the Civil Rules in 2015, extinguishing the exception to the *Twombly*/*Iqbal* pleading standard for direct infringement claims. Local Rule 16.1-6, providing for the initial disclosure of infringement contentions before discovery, was adopted no later than 2011, when Form 18 permitted a direct infringement plaintiff to obtain full discovery with a bare-bones pleading that would not survive *Iqbal* and *Twombly*. As in other districts with similar local rules, "[b]y requiring the party claiming invalidity to flesh out and support its invalidity contentions early on, the Patent Local Rules fulfill[ed] the function of *Twombly* and *Iqbal*." *Wistron Corp. v. Phillip M. Adams & Assocs., LLC*, 2011 WL 1654466, at *11 (N.D. Cal. Apr. 28, 2011) (Chen, Mag. J.). But the fact that certain aspects of Local Rule 16.1-6 may have been rendered redundant via Rule 84's deletion and the resulting application of *Iqbal* and *Twombly* to direct infringement claims, the Local Rules may not be interpreted so as to cause an inconsistency with the Civil Rules. *See* Fed. R. Civ. P. 83(a)(1). The Supreme Court's

interpretation of Civil Rule 8(a) requires plausible allegations as to all elements of a cause of action, and the elements of a cause of action for direct infringement include each limitation of the patent claim at issue.  In any case, the infringement contentions rule, Local Patent Rule 1-6 (2016), requires much more detailed allegations than *Iqbal* and *Twombly* do, so it is not redundant to hold infringement plaintiffs to the strictures of *Iqbal* and *Twombly* at the pleading stage.

Claim 20 of the '818 Patent reads in full:

A game apparatus comprising:

a wireless transmitter to transmit both an identification code and game control signals to a processor executing a game, the identification code is used by the processor to retrieve identification data and authorize game play based at least in part on an age of a player; and

a plurality of input controls to allow the player to interact with the processor to play the game.

U.S. Patent No. RE39,818 col. 7, ll. 25–32.  Claim 20 contains two elements. *See id.*  Although the First Amended Complaint ("FAC") alleges in conclusory fashion that Defendant has infringed other claims of the '818 Patent, the FAC only alleges facts with respect to Claim 20. The FAC contains allegations that the Accused Games contain each limitation of Claim 20. (*See* First Am. Compl. ¶¶ 21–23).  The screen shots of the Accused Games incorporated into the FAC may substitute for written allegations of fact, and each screen shot presented establishes the practice of the respective elements of Claim 20 to which Plaintiffs have compared them. (*See id.*).  The screen shot in paragraph 21 fairly implies that the "apparatus" on which the screen shot appears has a "wireless transmitter" (the screen shot includes the well-known symbol for Wi-Fi access at the top) and that the apparatus is intended to transmit game control signals (the screen shot includes a "Create Lineup" heading over the entry of NFL player Aaron Rodgers), and it is a fair inference from the screen shot in paragraph 22 that the apparatus is intended to transmit a

code to retrieve identification data and authorize play at least in part on age of the player (the screen shot includes a user name and an age verification radio button). (*See id.* ¶¶ 21–22). Finally, the screen shots in paragraph 21 and 23 fairly imply that the "apparatus" on which the screen shot appears includes a plurality of input controls (the screen shot includes options for the player to "Create a Contest," "Create a Lineup," etc.). (*See id.* ¶¶ 21, 23). The Court therefore will not dismiss the claim of infringement of the '818 Patent for failure to state a claim.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 37) is GRANTED IN PART and DENIED IN PART. The claims for infringement of the '924, '628, '394, '417, '169, '511, and '166 Patents are dismissed under 35 U.S.C. § 101, with leave to amend to allege infringement of claims that do not depend from the invalid claims identified in this Order. The motion is otherwise denied.

IT IS SO ORDERED.

Dated: This 12th day of December, 2016.

_____
ROBERT C. JONES
United States District Judge